UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUROPE COLBERT,

Plaintiff,

v.

JAMIL FELLS,

Defendants.
_____________________________/

Case No. 4:26-cv-14081

F. Kay Behm
United States District Judge

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2), SUMMARILY DISMISSING COMPLAINT, AND DENYING EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 5) AS MOOT**

## I. PROCEDURAL HISTORY

On October 26, 2026, Plaintiff Europe Colbert filed a complaint against Defendant Jamil Fells alleging violations of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, and the Federal Wiretap Act, 18 U.S.C. § 2520, as well as state law claims of defamation and defamation per se, false light invasion of privacy, misappropriation of likeness and commercial exploitation, intentional infliction of emotional distress, intrusion upon seclusion, civil conspiracy, tortious interference with contractual and

business relationships, unjust enrichment and conversion, and aiding and abetting a tort. (ECF No. 1). On the same day, she also filed an application to proceed without prepaying fees or costs (ECF No. 2), and an emergency motion for a temporary restraining order and preliminary injunction (ECF No. 5). The Court finds the application to proceed without prepaying fees and costs facially sufficient and **GRANTS** the application. For the reasons explained below, however, Plaintiff's federal claims will be summarily **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B), and her state law claims will be **DISMISSED** without prejudice. Further, her motion for a temporary restraining order and preliminary injunction will be **DENIED AS MOOT**.

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this

subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. ANALYSIS

Plaintiff asserts federal claims under the Stored Communications Act and the Federal Wiretap Act. This is the second case that Plaintiff has filed in this district against this Defendant asserting a claim under the Stored Communications Act.[1] *See Colbert v. Fells*, No. 4:26-CV-13116, 2026 WL 2930051, at *1 (E.D. Mich. Sept. 29, 2026). The first case was dismissed on screening by this Court after finding that Plaintiff had failed to state a claim under the Stored Communications Act. Plaintiff now reasserts this claim and adds a claim under the Federal Wiretap Act.

Although Plaintiff's first complaint was dismissed without prejudice, Plaintiff has entirely failed to cure the deficiencies of her first claim or to otherwise make out a claim under the Stored Communications Act or the Federal Wiretap Act. The Court further finds Plaintiff's complaint to be frivolous, as will be explained below.

First, as was explained to Plaintiff in her first case against Defendant,

> Plaintiff's allegation that Defendant accessed "digital communications, electronic messages, or stored accounts" is vague and lacks the factual detail necessary to state a claim under the Stored Communications Act. If Plaintiff's allegations are that Defendant accessed her personal devices and found

[1] Plaintiff has since been enjoined from filing new complaints without leave of Court. *See* Case No. 2:26-cv-13231, ECF No. 8.

> communications and electronic messages, there is no claim under the Stored Communications Act. Plaintiff does not otherwise clearly allege that Defendant accessed a service provider's system to view communications and messages there. Her vague reference to "stored accounts" without actually identifying any accounts that Defendant accessed or the manner in which he accessed them is wholly insufficient to state a claim. For this reason, the claim must be dismissed.

*Id.* In the present case, Plaintiff says that "Defendant intentionally accessed without authorization, or exceeded an authorization to access, a facility through which an electronic communication service is provided, and thereby obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage." (ECF No. 1, PageID.5). Although it appears that she has attempted to conform her allegations to the requirements of a claim under the Stored Communications Act, she continues to fail to provide any details surrounding the alleged violation. As with her prior claim, she fails to provide any of the factual details, including identifying the accounts that Defendant allegedly accessed or the manner in which he accessed them.

Second, Plaintiff cites the section of the Federal Wiretap Act that creates a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520. For this claim, Plaintiff alleges that

"Defendant intentionally intercepted, endeavored to intercept, or procured another person to intercept electronic, wire, and oral communications/video of Plaintiff in real-time, including via a hidden camera in Plaintiff's vehicle and phone wiretapping software." (ECF No. 1, PageID.8). She alleges that Defendant "transferred this sensitive information to unauthorized third parties for financial gain and personal notoriety." (*Id.*, PageID.2). Specifically, she says that Defendant sold her data "to production entities and key individuals affiliated with the Real Housewives television franchise, including media personality Andy Cohen and associated production personnel," "to prominent public figures and third parties, including William Roberts (professionally known as Rick Ross), Curtis Jackson (professionally known as 50 Cent), and Jonathan Kirk (professionally known as DaBaby)," and "to Tyler Perry alleging that Plaintiff had vegetables rotting inside her truck, which Tyler Perry subsequently incorporated into his television production/show 'Route 87.'" (*Id.*, PageID.2-3).

As laid out above, a complaint can be dismissed under section 1915(e)(2)(B) where it is frivolous, meaning it lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325. "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies

on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28). Plaintiff's allegations are illogical and difficult to understand, and the Court finds Plaintiff's federal claims to be not only implausible, but to rise to the level of fantastic or delusional. *See Colbert v. Cash Money Recs., Inc.*, No. 26-13674, 2026 WL 3413877, at *2 (E.D. Mich. Nov. 10, 2026) (concluding the same where Plaintiff alleged that "Defendants incorporated explicit details of Plaintiff's private home surveillance footage and real-time residential activities directly into commercially released musical tracks from 2025 through 2026...."). As such, Plaintiff's federal claims must be dismissed, and because the Court finds that the claims are frivolous and no amendment could cure the deficiencies, this dismissal will be with prejudice. *See Lewis v. Winkler*, No. 1:23-CV-340, 2023 WL 4084782, at *4 (S.D. Ohio June 20, 2023) ("When a case is legally frivolous under 28 U.S.C. § 1915(e)(2), courts often dismiss with prejudice."), *report and recommendation adopted*, 2025 WL 332489 (S.D. Ohio Jan. 29, 2025).

This leaves Plaintiff's state law claims. Where, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by

dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial ... the state claims should be dismissed as well."); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."). As Plaintiff's federal claims fail, her state law claims will also be dismissed.

## IV. CONCLUSION

For the reasons set forth above, although Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's federal claims are **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B), and her state law claims are **DISMISSED** without prejudice. Additionally, Plaintiff's emergency motion for a temporary restraining order and preliminary injunction (ECF No. 5) is **DENIED AS MOOT**.

**SO ORDERED.**

Date: November 18, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge